David J. Bodney (006065)
bodneyd@ballardspahr.com
Matthew E. Kelley (037353)
kelleym@ballardspahr.com
Kennison Lay (037098)
layk@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:    602.798.5400
Facsimile:    602.798.5595

*Attorneys for Plaintiffs Arizona
Broadcasters Association; Arizona
Newspapers Association; Fox Television
Stations, LLC; Gray Media Group, Inc.
d/b/a KTVK-KPHO and d/b/a KOLD;
KPNX-TV Channel 12, a division of
Multimedia Holdings Corp.; NBCUniversal
Media, LLC; National Press Photographers
Association; Phoenix Newspapers, Inc.;
Scripps Media, Inc. d/b/a KGUN-TV and
d/b/a KNXV-TV; and States
Newsroom/Arizona Mirror*

Jared G. Keenan (027068)
Benjamin Rundall (031661)
K. M. Bell (037611)
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
jkeenana@acluaz.org
brundall@acluaz.org
kmbell@acluaz.org

Esha Bhandari (*pro hac vice* application
forthcoming)
Vera Eidelman (*pro hac vice* application
forthcoming)
Shreya Tewari (*pro hac vice* application
forthcoming)
American   Civil   Liberties   Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
veidelman@aclu.org
ebhandari@aclu.org
stewari@aclu.org

*Attorneys for Plaintiff ACLU of Arizona*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Arizona Broadcasters Association, an Arizona nonprofit corporation; American Civil Liberties Union of Arizona, an Arizona nonprofit corporation; Arizona Newspapers Association, an Arizona nonprofit corporation; Fox Television Stations, LLC, a Delaware limited liability company; Gray Media Group, Inc., a Delaware corporation, d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV, a division of Multimedia Holdings Corp., a South Carolina corporation; NBCUniversal Media, LLC, a Delaware limited liability company; National Press Photographers Association, a New York nonprofit corporation; Phoenix Newspapers, Inc., an Arizona corporation; Scripps Media, Inc., an Ohio corporation, d/b/a/ KGUN-TV and d/b/a KNXV-TV; and States Newsroom/Arizona Mirror, a District of Columbia nonprofit corporation;

Plaintiffs,

vs.

Mark Brnovich, in his official capacity as Attorney General for the State of Arizona; Rachel Mitchell, in her official capacity as Maricopa County Attorney; and Paul Penzone, in his official capacity as Maricopa County Sheriff;

Defendants.

Case No.: _____

**DECLARATION OF MICKEY H. OSTERREICHER**

Pursuant to 28 U.S.C. § 1746, I, Mickey H. Osterreicher, declare as follows:

1.       I am over the age of 18. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to those facts if called as a witness.

2.       I am the general counsel for the National Press Photographers Association ("NPPA"), a 501(c)(6) non-profit organization dedicated to the advancement of visual journalism in its creation, editing and distribution.

3.      NPPA's approximately 4,000 members include television and still photographers, editors, students and representatives of businesses that serve the visual journalism industry.

4.      NPPA has members in every state, including Arizona.

5.      Since its founding in 1946, the NPPA has vigorously promoted and defended the rights of photographers and journalists, including freedom of the press in all its forms, especially as it relates to visual journalism.

6.      I have also been a photojournalist in both print and broadcast for more than 40 years, having covered many news stories, including protests from those against the Vietnam War to Occupy Wall Street.

7.      My work has appeared in such publications as the *New York Times*, *Time*, *Newsweek* and *USA Today* as well as on ABC World News Tonight, Nightline, Good Morning America, NBC Nightly News and ESPN.

8.      I am also a uniformed reserve deputy sheriff with the Erie County Sheriff's Office, having served in that capacity since 1976, and am certified as having been trained under the National Incident Management System (NIMS).

9.      I am a member of the International Law Enforcement Educators and Trainers Association ("ILEETA"), as well as having been a member of the *Public Recording of Police* Advisory Committee of the International Association of Chiefs of Police (IACP).

10.     I have been an adjunct lecturer in Photojournalism at SUNY at Buffalo and an adjunct law professor in media and the law at the University at Buffalo Law School.

11.     I have provided training regarding First and Fourth Amendment issues to law enforcement agencies, journalists, and associations throughout the United States for over ten (10) years and have moderated and participated on panels nationwide, speaking about the right to photograph and record in public – most recently to:

a.      Minnesota State Patrol, Minnesota Conservation Officers and media Representatives.  Made six separate visits to various parts of Minnesota and provided MN POST-approved First Amendment training to 650+ attendees during

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

12 in-person, two-hour training sessions as part of 2022 a settlement in *Govette v. City of Minneapolis*, Case No. 20-cv-1302 (WMW/DTS) (D. Minn. Jun. 9, 2020).

b.      Miami-Dade Police Department.  Provided two in-person four-hour First Amendment and social media training sessions to 70+ officers of the MDPD and other surrounding agencies.

c.      California journalists.  Provided virtual two-hour First Amendment training to 100+ journalists in California.

d.      Nashville journalists.  Provided one-hour training on drone use for newsgathering to 40+ journalists and students.

e.      Society of Professional Journalists (SPJ) Florida.  Provided 1.5-hour First Amendment training to 30+ journalists.

f.      International Association of Directors of Law Enforcement Standards and Training (IADLEST).  Provided two hours of First Amendment training in Ft. Worth, TX to 700+ police officers from around the country.

g.      Daigle Law Group (DLG) First Amendment Summit.  Provided four hours of First Amendment training over two days to 500+ police officers from around the country in Hartford, CT.

h.      NPPA training.  Provided four hours of First Amendment training over two days to 100+ journalists in Nashville, TN (in-person).

i.      Lexipol.  Provided 1.5-hour First Amendment training in webinar to 847 police officers.  2,316 registered (most of whom watched the recording on their own time at a later date).

j.      Justice Clearinghouse. Provided 1.25-hour training in webinar to 223 police officers and first responders.  495 registered (most of the remaining number watched a recording on their own time at a later date).

k.      Total of approximately 3,160+ people (police and journalists) trained to date.

12.      I have also presented workshops and provided model guidelines regarding the right to photograph and record in public at the Legal Officers Section of the IACP, the National Sheriffs Association, the Georgia Chiefs of Police, the New York State Sheriffs Association, the International Bar Association, the Tucson, AZ Police Department, the Broward County ACLU, the Washington, DC Metro Police Department, and the National Press Club in Washington, D.C.

13.      I have written about and been quoted extensively on this topic in such publications as the National Sheriffs Association and the IACP Police Chiefs Magazine.

14.    I have provided training regarding First, Fourth and Fourteenth Amendment issues to the Chicago Police Department in preparation for the NATO Summit (2012).

15.    I have provided training regarding First, Fourth and Fourteenth Amendment issues to the Tampa. FL and Charlotte-Mecklenburg, NC, Philadelphia, PA, Cleveland, OH and Milwaukee, WI Police Departments in preparation for the Republican and Democratic National Conventions in 20212, 2016 and 2020, respectively

16.    I then returned to each of those cities during the events to monitor and work with those agencies to avoid journalists being interfered with and/or arrested for doing nothing more than their jobs.

17.    As part of the 2016 training in Cleveland, I reviewed *Cleveland Police Divisional Notice 14-192* related to "Video Recording of Police Activity" which among other things included a provision to "Allow the officer approximately **thirty feet between you and them**.  This distance is the universally accepted distance allowing an officer to focus on the police activity and not potentially be distracted or hampered in performing the police activity" (emphasis added).

18.    In conversations with the Cleveland Police Training Academy, I informed them that I would not train to such a policy since it was not universally accepted and in fact ran counter to reasonable time, place, and manner restrictions.

19.    I was asked to redline that notice, which I did, and in June 2016, Cleveland Police Chief Calvin D. Williams issued a revised notice 14-192 that did not include a set distance provision but instead, stated:  "D. Individuals have the right to photograph and record when they are: 1) On public spaces such as streets, sidewalks and public parks. 2. On private property where the individual has a legal right to be present. 3. **A safe distance from the police activity being photographed or recorded**, such that official police duties are not being obstructed or impeded and the safety of Members and the public is not being jeopardized" (emphasis added).

20.    In 2014, I was in Ferguson, Missouri and sent a letter to the Ferguson Police Department expressing the NPPA's strong objections to the actions of Ferguson police

5

officers for the unwarranted arrest and detention of journalists who had been reporting on protests in the aftermath of the shooting death of Michael Brown.

21.     I also offered NPPA's assistance in working to help develop reasonable and workable policies, practices and especially training to alleviate these situations and foster better relations between the police, the public and the press.

22.     I also went to Ferguson, Missouri in August 2014 and met briefly with representatives from the Missouri Highway Patrol and the St. Louis Police Department to see how I could be of service in de-escalating the tensions between the police and the press.

23.     I provided a declaration to the ACLU in their complaint seeking "to enjoin the police policy of demanding and ordering members of the media and public to stop recording the police acting in their official duty on public streets and sidewalks" (see: *Hussein v. County of St. Louis. Missouri, et al*, 4:14-cv-01410 Eastern District of Missouri 2014).

24.     In 2014, the parties reached an agreement whereby they acknowledged and agreed "that the media and members of the public have a right to record public events without abridgement unless it obstructs the activity or threatens the safety of others, or physically interferes with the ability of law enforcement officers to perform their duties."

25.     In February 2022, because of NPPA member concerns, I became aware of a proposed bill in the Arizona Legislature, HB 2319, related to "[l]aw enforcement activity; recording prohibition."

26.     On February 18, 2022, I drafted and sent a letter in opposition to HB 2319 via email to The Hon. Regina E. Cobb, Chair, of the Arizona House Appropriations Committee and the Hon. John Kavanaugh, Vice-Chair, of the Arizona House Appropriations Committee.  I also copied, via email, members of the entire Arizona House Appropriations Committee.

27.     The letter was written on behalf of the NPPA,  along with the Radio and Television Digital News Association ("RTDNA"), the Reporters Committee for Freedom

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

of the Press ("RCFP"), the Press Freedom Defense Fund ("PFDF") and twenty-three (23) news organizations.[1]

28.    The letter expressed our concerns that the proposed bill would make it "unlawful for a person to knowingly make a video recording of law enforcement activity . . . if the person making the video recording does not have the *permission* of a law enforcement officer and is *within fifteen feet* of where the law enforcement activity is occurring" (emphasis added).

29.    The letter also addressed "additional language regarding law enforcement activity occurring in an enclosed structure on private property would permit a person who is authorized to be on the private property to 'make a video recording of the activity from an adjacent room or area that is less than fifteen feet away from where the activity is occurring, *unless* a law enforcement officer determines that the person is *interfering* in the law enforcement activity or that it is not safe to be in the area and *orders the person to stop recording or to leave the area*'" (emphasis added).

30.    The letter expressed "the extreme concern that such language violated not only the free speech and press clauses of the First Amendment, but also ran counter to the 'clearly established right' to photograph and record police officers performing their official duties in a public place, cited by all the odd-numbered U.S. Circuit Courts of Appeal[2] including the Ninth Circuit."[3]

---

[1]  Signatories included: American Society of Media Photographers; *The Atlantic*; The Associated Press;BuzzFeed. Inc.; Center for Investigative Reporting d/b/a Reveal; Committee to Protect Journalists; The Daily Beast Company LLC; The E.W. Scripps Company d/b/a KNXV-TV (Phoenix) and KGUN-TV (Tucson); First Amendment Coalition; Freedom of the Press Foundation; Gannett Co., Inc.; Gray Television, Inc. d/b/a KPHO-TV/KTVK-TV (Phoenix) and KOLD-TV (Tucson); The Media Institute; MediaNews Group Inc.; National Newspaper Association;News Leaders Association; News Media Alliance; The New York Times Company; Online News Association; The Seattle Times; Society of Environmental Journalists; Society of Professional Journalists; Student Press Law Center; TEGNA Inc. d/b/a KPNX-TV/12News (Phoenix).

[2] See: *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011); *Fields v. City of Philadel*phia, 862 F.3d 353 (3d Cir. 2017); *Turner v. Lieutenant Drive*r, 848 F.3d 678 (5th Cir. 2017); *ACLU of Ill. v. Alva*rez, 679 F.3d 583 (7th Cir. 2012); *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000).

[3]  *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir.1995) (recognizing a "First

31.     The letter noted that "while such rights are not absolute and subject to reasonable time, place and manner restrictions, we believe that requiring the 'permission of a law enforcement officer' and setting a minimum distance of fifteen feet in between the law enforcement officer and the person recording, would not survive a constitutional challenge and is completely unworkable in situations (such a demonstrations and protests) where there are multiple officers and people recording."

32.     The letter further noted that "it is also constitutionally infirm to grant an officer the right to order a person who is filming 'to stop recording or to leave the area' under an 'officer's sole determination that such First Amendment protected activity constitutes interference (which is undefined under the proposed statute)."

33.     Additionally, the letter noted that "because the proposed law only applies to a law enforcement officer being recorded, we believe it would fail constitutional muster as not being 'content neutral,' where the U.S. Supreme Court has held that a statute which 'restricts visual and auditory depictions, such as photographs, videos, or sound recordings, [because of its content] … is presumptively invalid.'"[4]

34.     The letter went on to state that "it is clear from well-established jurisprudence regarding this matter that officers performing their official duties in a public place do not have any reasonable expectation of privacy when it comes to being recorded[5] and therefore taking enforcement action against someone who 'fails to comply with a verbal warning of a violation of this section' is both impermissible and unconstitutional."

---

Amendment right to film matters of public interest.").

[4] *United States v. Stevens*, 559 U.S. 460 (2010).

[5] See: IACP Law Enforcement Policy Center, "Recording Police Activity" RecordingPolicePaper.pdf (theiacp.org)("[privacy] interest is not implicated when police officers are performing their duties in public places and engaging in public communications audible to persons who witness the events." quoting *American Civil Liberties Union of Illinois v. Alvarez*, 679 F.3d 583 (7th Cir. 2012), *cert. denied*, No.12-318, 2012 WL 4050487 (U.S. Nov. 26, 20120.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

35.    The letter cited the U.S. Court of Appeals for the First Circuit which noted, "[a] police officer is not a law unto himself; he cannot give an order that has no colorable legal basis and then arrest a person who defies it."[6]

36.    The letter concluded by respectfully requesting "that the bill not be voted out of committee and that the legislature consider withdrawing it entirely from consideration." A true and correct copy of my February 18, 2022 letter is attached as Exhibit A to this Declaration.

37.    On March 15, 2022, after HB 2319 was amended by reducing the distance from fifteen to eight feet, and then passed by the Arizona House Appropriations Committee, I again wrote and emailed a similar letter to the Hon. Warren Petersen, Chair of the Senate Judiciary Committee, and the Hon. Wendy Rogers, Vice-Chair of the Senate Judiciary Committee, with copies to members of the full Senate Judiciary Committee.

38.    The letter was again written on behalf of the NPPA, along with the RTDNA, the RCFP, the PFDF and the same twenty-three (23) news organizations.

39.    The letter expressed our same concerns and opposition to the bill, even with the distance between a police officer and the person doing the recording being reduced from fifteen to eight feet.  A true and correct copy of my March 15, 2022 letter is attached as Exhibit B to this Declaration.

40.    On June 30, 2022, after passage of HB 2319, I sent via email a similar letter to the Hon. Douglas A. Ducey, Arizona State Governor, with copies to Daniel Ruiz, the Governor's Chief of Staff, and Art Harding, the Governor's Director of Legislative Affairs. The letter was again written on behalf of the NPPA along with the RTDNA, RCFP, PFDF, and the twenty-three (23) news organizations, expressing the same previously stated concerns and legal citations in opposition to HB 2319 and respectfully requesting the Governor to "veto this bill to avoid the cost to taxpayers of a very possible constitutional court challenge should it become law in Arizona."  A true and correct copy of my June 30, 2022 letter to Gov. Ducey is attached as Exhibit C to this Declaration.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

---

[6] *Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir. 1999).

9

41.     All three (3) letters asked the recipients to "feel free to contact us should you have any questions or issues you would like to discuss."  I did not ever hear back from anyone, nor to the best of my knowledge, did any of the letter's signatories.

42.     I have heard from several NPPA members working and residing in Arizona, as well as some others who are occasionally assigned to cover news in that state, expressing concerns that HB2319 will be used to interfere with or prevent them from video recording news matters of public concern.

43.     Such concerns reflect the chilling effect this law has on First Amendment newsgathering activities and journalists who fear arrest and prosecution for violating HB2319.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 18th day of August 2022.

By:     *Mickey H. Osterreicher*
Mickey H. Osterreicher, Esq.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

10

# Exhibit A



# National Press Photographers Association

120 Hooper Street • Athens.GA 30602
Phone: 716.983.7800 • Fax: 716.608.1509
Email: lawyer@nppa.org

<u>VIA EMAIL</u>

February 18, 2022

Hon. Regina E. Cobb
Chair, House Appropriations Committee
Arizona State Capitol Complex
1700 W Washington St
Phoenix, AZ 85007
rcobb@azleg.com

Hon. John Kavanaugh
Vice-Chair, House Appropriations Committee
Arizona State Capitol Complex
1700 W Washington St
Phoenix, AZ 85007
jKavanaugh@azleg.com

**Re: Opposition to HB 2319, Law enforcement activity; recording prohibition**

Dear Chairwoman Cobb and Vice-Chairman Kavanaugh:

On behalf of the National Press Photographers Association (NPPA) along with the Radio and Television Digital News Association (RTDNA), the Reporters Committee for Freedom of the Press (RCFP), the Press Freedom Defense Fund (PFDF) and the twenty-three (23) organizations listed below, we write to you in opposition to HB 2319, An Act Amending Title 13, Chapter 37, Arizona Revised Statutes, By Adding Section 13-3732; "Unlawful video recording of law enforcement activity."

The proposed bill would make it "unlawful for a person to knowingly make a video recording of law enforcement activity . . . if the person making the video recording does not have the *permission* of a law enforcement officer and is *within fifteen feet* of where the law enforcement activity is occurring" (emphasis added). Additional language regarding law enforcement activity occurring in an enclosed structure on private property permits a person who is authorized to be on the private property to "make a video recording of the activity from an adjacent room or area that is less than fifteen feet away from where the activity is occurring, unless a law enforcement officer determines that the person is *interfering* in the law enforcement activity or that it is not safe to be in the area and *orders the person to stop recording or to leave the area*" (emphasis added).

We are extremely concerned that this language violates not only the free speech and press clauses of the First Amendment, but also runs counter to the "clearly established right" to photograph and record police officers performing their official duties in a public place, cited by all

the odd-numbered U.S. Circuit Courts of Appeal[1] including the Ninth Circuit.[2] While such rights are not absolute and subject to reasonable time, place and manner restrictions, we believe that requiring the "permission of a law enforcement officer" and setting a minimum distance of fifteen feet in between the law enforcement officer and the person recording, would not survive a constitutional challenge and is completely unworkable in situations (such a demonstrations and protests) where there are multiple officers and people recording. It is also constitutionally infirm to grant an officer the right to order a person who is filming "to stop recording or to leave the area" under an officer's sole determination that such First Amendment protected activity constitutes interference (which is undefined under the proposed statute). Because the proposed law only applies to a law enforcement officer being recorded, we believe it would fail constitutional muster as not being "content neutral," where the U.S. Supreme Court has held that a statute which "restricts visual and auditory depictions, such as photographs, videos, or sound recordings, [because of its content] … is presumptively invalid."[3]

As HB 2319's sponsor, Rep. Kavanaugh, noted in another bill he recently proposed regarding the redaction of police bodycam footage[4] a critical element regarding filming is whether someone has a reasonable expectation of privacy in a public place. It is clear from well-established jurisprudence regarding this matter that officers performing their official duties in a public place do not have any reasonable expectation of privacy when it comes to being recorded[5] and therefore taking enforcement action against someone who "fails to comply with a verbal warning of a violation of this section" is both impermissible and unconstitutional. As the U.S. Court of Appeals for the First Circuit noted, "[a] police officer is not a law unto himself; he cannot give an order that has no colorable legal basis and then arrest a person who defies it."[6]

Given our concerns and legal citations in opposition to HB 2319, we respectfully request that the bill not be voted out of committee and that the legislature consider withdrawing it entirely from consideration.

Please feel free to contact us should you have any questions or issues you would like to discuss. Thank you.

---

[1] See: *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011); *Fields v. City of Philadel*phia, 862 F.3d 353 (3d Cir. 2017); *Turner v. Lieutenant Drive*r, 848 F.3d 678 (5th Cir. 2017); *ACLU of Ill. v. Alva*rez, 679 F.3d 583 (7th Cir. 2012); *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000).

[2] *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir.1995) (recognizing a "First Amendment right to film matters of public interest.")

[3] *United States v. Stevens*, 559 U.S. 460 (2010).

[4] See: HB 2081 at Microsoft Word - HB2081P.docx (azleg.gov)

[5] See: IACP Law Enforcement Policy Center, "Recording Police Activity" RecordingPolicePaper.pdf (theiacp.org)("[privacy] interest is not implicated when police officers are performing their duties in public places and engaging in public communications audible to persons who witness the events." quoting *American Civil Liberties Union of Illinois v. Alvarez*, 679 F.3d 583 (7th Cir. 2012), *cert. denied*, No.12-318, 2012 WL 4050487 (U.S. Nov. 26, 20120.

[6] *Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir. 1999).

Very truly yours,

*Mickey H. Osterreicher*                      *Alicia Wagner Calzada*
Mickey H. Osterreicher                          Alicia Wagner Calzada
 General Counsel                                    Deputy General Counsel

cc:

Hon. Kelli Butler, *via email*                  Hon. Quang H. Nguyen, *via email*
kbutler@azleg.com                              qnguyen@azleg.com
Hon. César Chávez, *via email*                Hon. Joanne Osborne, *via email*
cchavez@azleg.com                              josborne@azleg.com
Hon. Gail Griffin, *via email*                  Hon. Judy Schwiebert, *via email*
ggriffin@azleg.com                              jschwierbert@azleg.com
Hon. Jake Hoffman, *via email*                Hon. Lorenzo Sierra, *via email*
jhoffman@azleg.com                             lsierra@azleg.com
Hon. Steve Kaiser, *via email*                 Hon. Michelle Udall, *via email*
skaiser@azleg.com                              mudall@azleg.com
Hon. Jennifer L. Longdon, *via email*
jlongdon@azleg.com

On behalf of:

American Society of Media Photographers
The Atlantic
The Associated Press
BuzzFeed. Inc.
Center for Investigative Reporting d/b/a Reveal
Committee to Protect Journalists
The Daily Beast Company LLC
The E.W. Scripps Company d/b/a KNXV-TV (Phoenix) and KGUN-TV (Tucson)
First Amendment Coalition
Freedom of the Press Foundation
Gannett Co., Inc.
Gray Television, Inc. d/b/a KPHO-TV/KTVK-TV (Phoenix) and KOLD-TV (Tucson)
The Media Institute
MediaNews Group Inc.
National Newspaper Association
News Leaders Association
News Media Alliance
The New York Times Company
Online News Association
The Seattle Times
Society of Environmental Journalists
Society of Professional Journalists
Student Press Law Center
TEGNA Inc. d/b/a KPNX-TV/12News (Phoenix)

# Exhibit B



# National Press Photographers Association

120 Hooper Street • Athens.GA 30602
Phone: 716.983.7800 • Fax: 716.608.1509
Email: lawyer@nppa.org

<u>VIA EMAIL</u>

March 15, 2022

Hon. Warren Petersen
Chair, Senate Judiciary Committee
Arizona State Capitol Complex
1700 W Washington St
Phoenix, AZ 85007
wpetersen@azleg.gov

Hon. Wendy Rogers
Vice-Chair, Senate Judiciary Committee
Arizona State Capitol Complex
1700 W Washington St
Phoenix, AZ 85007
wrogers@azleg.gov

**Re: Opposition to HB 2319, Law enforcement activity; recording prohibition**

Dear Chair Petersen and Vice-Chair Rogers:

On behalf of the National Press Photographers Association (NPPA) along with the Radio and Television Digital News Association (RTDNA), the Reporters Committee for Freedom of the Press (RCFP), the Press Freedom Defense Fund (PFDF) and the twenty-three (23) organizations listed below, we write to you in opposition to HB 2319, An Act Amending Title 13, Chapter 37, Arizona Revised Statutes, By Adding Section 13-3732; "Unlawful video recording of law enforcement activity."

The proposed bill would make it "unlawful for a person to knowingly make a video recording of law enforcement activity if the person making the video recording does not have the *permission* of a law enforcement officer and is within *eight feet* of where the law enforcement activity is occurring" (emphasis added). Additional language regarding law enforcement activity occurring in an enclosed structure on private property permits a person who is authorized to be on the private property to "make a video recording of the activity from an adjacent room or area that is less than *eight feet* away from where the activity is occurring, unless a law enforcement officer determines that the person is *interfering* in the law enforcement activity or that it is not safe to be in the area and *orders the person to stop recording or to leave the area*" (emphasis added).

We are extremely concerned that this language violates not only the free speech and press clauses of the First Amendment, but also runs counter to the "clearly established right" to photograph and record police officers performing their official duties in a public place, cited by all

the odd-numbered U.S. Circuit Courts of Appeal[1] including the Ninth Circuit.[2] While such rights are not absolute and subject to reasonable time, place and manner restrictions, we believe that requiring the "permission of a law enforcement officer" and setting a minimum and arbitrary distance of eight feet in between a law enforcement officer and the person recording, would not survive a constitutional challenge and is completely unworkable in situations (such a demonstrations and protests) where there are multiple officers and people recording. It is also constitutionally infirm to grant an officer the right to order a person who is filming "to stop recording or to leave the area" under an officer's sole determination that such First Amendment protected activity constitutes interference (which is undefined under the proposed statute). Because the proposed law only applies to a law enforcement officer being recorded, we believe it would fail constitutional muster as not being "content neutral," where the U.S. Supreme Court has held that a statute which "restricts visual and auditory depictions, such as photographs, videos, or sound recordings, [because of its content] … is presumptively invalid."[3]

As HB 2319's sponsor, Rep. Kavanaugh, noted in another bill he recently proposed regarding the redaction of police bodycam footage[4] a critical element regarding filming is whether someone has a reasonable expectation of privacy in a public place. It is clear from well-established jurisprudence regarding this matter that officers performing their official duties in a public place do not have any reasonable expectation of privacy when it comes to being recorded[5] and therefore taking enforcement action against someone who "fails to comply with a verbal warning of a violation of this section" is both impermissible and unconstitutional. As the U.S. Court of Appeals for the First Circuit noted, "[a] police officer is not a law unto himself; he cannot give an order that has no colorable legal basis and then arrest a person who defies it."[6]

Given our concerns and legal citations in opposition to HB 2319, we respectfully request that the bill not be voted out of committee and that the legislature consider withdrawing it entirely from consideration.

Please feel free to contact us should you have any questions or issues you would like to discuss. Thank you.

---

[1] See: *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011); *Fields v. City of Philadel*phia, 862 F.3d 353 (3d Cir. 2017); *Turner v. Lieutenant Drive*r, 848 F.3d 678 (5th Cir. 2017); *ACLU of Ill. v. Alva*rez, 679 F.3d 583 (7th Cir. 2012); *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000).

[2] *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir.1995) (recognizing a "First Amendment right to film matters of public interest.")

[3] *United States v. Stevens*, 559 U.S. 460 (2010).

[4] See: HB 2081 at Microsoft Word - HB2081P.docx (azleg.gov)

[5] See: IACP Law Enforcement Policy Center, "Recording Police Activity" RecordingPolicePaper.pdf (theiacp.org)("[privacy] interest is not implicated when police officers are performing their duties in public places and engaging in public communications audible to persons who witness the events." quoting *American Civil Liberties Union of Illinois v. Alvarez*, 679 F.3d 583 (7th Cir. 2012), *cert. denied*, No.12-318, 2012 WL 4050487 (U.S. Nov. 26, 20120.

[6] *Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir. 1999).

Very truly yours,

*Mickey H. Osterreicher*                      *Alicia Wagner Calzada*

Mickey H. Osterreicher                        Alicia Wagner Calzada
 General Counsel                                Deputy General Counsel


cc:

Hon. Nancy Barto, *via email*               Hon. Vince Leach, *via email*
nbarto@azleg.gov                              vleach@azleg.gov
Hon. Sonny Borrelli, *via email*            Hon. Martin Quezada, *via email*
sborrelli@azleg.gov                          mquezada@azleg.gov
Hon. Lupe Contreras, *via email*            Hon. Stephanie Stahl Hamilton, *via email*
lcontreras@azleg.gov                         sstahlhamilton@azleg.gov


On behalf of:

American Society of Media Photographers
The Atlantic
The Associated Press
BuzzFeed. Inc.
Center for Investigative Reporting d/b/a Reveal
Committee to Protect Journalists
The Daily Beast Company LLC
The E.W. Scripps Company d/b/a KNXV-TV (Phoenix) and KGUN-TV (Tucson)
First Amendment Coalition
Freedom of the Press Foundation
Gannett Co., Inc.
Gray Television, Inc. d/b/a KPHO-TV/KTVK-TV (Phoenix) and KOLD-TV (Tucson)
The Media Institute
MediaNews Group Inc.
National Newspaper Association
News Leaders Association
News Media Alliance
The New York Times Company
Online News Association
The Seattle Times
Society of Environmental Journalists
Society of Professional Journalists
Student Press Law Center
TEGNA Inc. d/b/a KPNX-TV/12News (Phoenix)

# Exhibit C



# National Press Photographers Association

120 Hooper Street • Athens.GA 30602
Phone: 716.983.7800 • Fax: 716.608.1509
Email: lawyer@nppa.org

<u>VIA EMAIL</u>

June 30, 2022

Hon. Douglas A. Ducey
Arizona State Governor
1700 W Washington St
Phoenix, AZ 85007
engage@az.gov

**Re: Veto HB 2319, Law enforcement activity; recording prohibition**

Dear Gov. Ducey:

On behalf of the National Press Photographers Association (NPPA) along with the Radio and Television Digital News Association (RTDNA), the Reporters Committee for Freedom of the Press (RCFP), the Press Freedom Defense Fund (PFDF) and the twenty-three (23) organizations listed below, we write to request you **veto** HB 2319, An Act Amending Title 13, Chapter 37, Arizona Revised Statutes, By Adding Section 13-3732; "Unlawful video recording of law enforcement activity."

This bill would make it "unlawful for a person to knowingly make a video recording of law enforcement activity if the person making the video recording does not have the *permission* of a law enforcement officer and is within *eight feet* of where the law enforcement activity is occurring" (emphasis added). Additional language regarding law enforcement activity occurring in an enclosed structure on private property permits a person who is authorized to be on the private property to "make a video recording of the activity from an adjacent room or area that is less than *eight feet* away from where the activity is occurring, unless a law enforcement officer determines that the person is *interfering* in the law enforcement activity or that it is not safe to be in the area and *orders the person to stop recording or to leave the area*" (emphasis added).

We are extremely concerned that this language violates not only the free speech and press clauses of the First Amendment, but also runs counter to the "clearly established right" to photograph and record police officers performing their official duties in a public place, cited by all

the odd-numbered U.S. Circuit Courts of Appeal[1] including the Ninth Circuit.[2] While such rights are not absolute and subject to reasonable time, place and manner restrictions, we believe that requiring the "permission of a law enforcement officer" and setting a minimum and arbitrary distance of eight feet in between a law enforcement officer and the person recording, would not survive a constitutional challenge and is completely unworkable in situations (such a demonstrations and protests) where there are multiple officers and people recording. It is also constitutionally infirm to grant an officer the right to order a person who is filming "to stop recording or to leave the area" under an officer's sole determination that such First Amendment protected activity constitutes interference (which is undefined under the proposed statute). Because the proposed law only applies to a law enforcement officer being recorded, we believe it would fail constitutional muster as not being "content neutral," where the U.S. Supreme Court has held that a statute which "restricts visual and auditory depictions, such as photographs, videos, or sound recordings, [because of its content] … is presumptively invalid."[3]

As HB 2319's sponsor, Rep. Kavanaugh, noted in another bill he proposed regarding the redaction of police bodycam footage[4] a critical element regarding filming is whether someone has a reasonable expectation of privacy in a public place. It is clear from well-established jurisprudence regarding this matter that officers performing their official duties in a public place do not have any reasonable expectation of privacy when it comes to being recorded[5] and therefore taking enforcement action against someone who "fails to comply with a verbal warning of a violation of this section" is both impermissible and unconstitutional. As the U.S. Court of Appeals for the First Circuit noted, "[a] police officer is not a law unto himself; he cannot give an order that has no colorable legal basis and then arrest a person who defies it."[6]

Given our concerns and legal citations in opposition to HB 2319, we respectfully request that you veto this bill to avoid the cost to taxpayers of a very possible constitutional court challenge should it become law in Arizona.

Please feel free to contact us should you have any questions or issues you would like to discuss. Thank you.

---

[1] See: *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011); *Fields v. City of Philadel*phia, 862 F.3d 353 (3d Cir. 2017); *Turner v. Lieutenant Drive*r, 848 F.3d 678 (5th Cir. 2017); *ACLU of Ill. v. Alva*rez, 679 F.3d 583 (7th Cir. 2012); *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000).

[2] *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir.1995) (recognizing a "First Amendment right to film matters of public interest.")

[3] *United States v. Stevens*, 559 U.S. 460 (2010).

[4] See: HB 2081 at Microsoft Word - HB2081P.docx (azleg.gov)

[5] See: IACP Law Enforcement Policy Center, "Recording Police Activity" RecordingPolicePaper.pdf (theiacp.org)("[privacy] interest is not implicated when police officers are performing their duties in public places and engaging in public communications audible to persons who witness the events." quoting *American Civil Liberties Union of Illinois v. Alvarez*, 679 F.3d 583 (7th Cir. 2012), *cert. denied*, No.12-318, 2012 WL 4050487 (U.S. Nov. 26, 20120.

[6] *Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir. 1999).

Very truly yours,

*Mickey H. Osterreicher*              *Alicia Wagner Calzada*
Mickey H. Osterreicher                  Alicia Wagner Calzada
 General Counsel                         Deputy General Counsel


cc:

Daniel Ruiz, Chief of Staff druiz@az.gov.
Art Harding, Director of Legislative Affairs aharding@az.gov

On behalf of:

American Society of Media Photographers
The Atlantic
The Associated Press
BuzzFeed. Inc.
Center for Investigative Reporting d/b/a Reveal
Committee to Protect Journalists
The Daily Beast Company LLC
The E.W. Scripps Company d/b/a KNXV-TV (Phoenix) and KGUN-TV (Tucson)
First Amendment Coalition
Freedom of the Press Foundation
Gannett Co., Inc.
Gray Television, Inc. d/b/a KPHO-TV/KTVK-TV (Phoenix) and KOLD-TV (Tucson)
The Media Institute
MediaNews Group Inc.
National Newspaper Association
News Leaders Association
News Media Alliance
The New York Times Company
Online News Association
The Seattle Times
Society of Environmental Journalists
Society of Professional Journalists
Student Press Law Center
TEGNA Inc. d/b/a KPNX-TV/12News (Phoenix)