| | |
|---|---|
| David J. Bodney (006065) | Jared G. Keenan (027068) |
| bodneyd@ballardspahr.com | Benjamin Rundall (031661) |
| Matthew E. Kelley (037353) | K. M. Bell (037611) |
| kelleym@ballardspahr.com | America Civil Liberties Union Foundation of Arizona |
| Kennison Lay (037098) | 3707 North 7th Street, Suite 235 |
| layk@ballardspahr.com | Phoenix, AZ 85014 |
| BALLARD SPAHR LLP | Telephone: (602) 650-1854 |
| 1 East Washington Street, Suite 2300 | jkeenan@acluaz.org |
| Phoenix, AZ 85004-2555 | brundall@acluaz.org |
| Telephone:   602.798.5400 | kmbell@acluaz.org |
| Facsimile:    602.798.5595 | |

*Attorneys for Plaintiffs Arizona Broadcasters Association; Arizona Newspapers Association; Fox Television Stations, LLC; Gray Media Group, Inc. d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV Channel 12, a division of Multimedia Holdings Corp.; National Press Photographers Association; Phoenix Newspapers, Inc.; Scripps Media, Inc. d/b/a KGUN-TV and d/b/a KNXV-TV; States Newsroom/Arizona Mirror; and Telemundo of Arizona LLC*

Esha Bhandari
Vera Eidelman
Shreya Tewari
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
veidelman@aclu.org
ebhandari@aclu.org
stewari@aclu.org

*Attorneys for Plaintiff ACLU of Arizona*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Broadcasters Association, an Arizona nonprofit corporation; American Civil Liberties Union of Arizona, an Arizona nonprofit corporation; Arizona Newspapers Association, an Arizona nonprofit corporation; Fox Television Stations, LLC; Gray Media Group, Inc., d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV Channel 12, a division of Multimedia Holdings Corp.; National Press Photographers Association; Phoenix Newspapers, Inc., an Arizona Corporation; Scripps Media, Inc., an Ohio Corporation, d/b/a KGUN-TV and d/b/a KNXV-TV; States Newsroom/Arizona Mirror, a District of Columbia nonprofit corporation; and Telemundo of Arizona LLC, a Delaware limited liability company;<br><br>Plaintiffs<br><br>Mark Brnovich, in his official capacity as Attorney General for the State of Arizona; Rachel Mitchell, in her official capacity as Maricopa County Attorney; and Paul Penzone, in his official capacity as Maricopa County Sheriff;<br><br>Defendants. | CV-22-1431-PHX-JJT<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' STATEMENTS OF NON-OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs file the following Reply to address two issues, namely whether the Attorney General is a proper defendant and the import of the State's interest, or lack thereof, in opposing the requested injunction.

**I.     The Attorney General is a Proper Defendant in this Case**

In the "Notice of Non-Opposition to Plaintiffs' Motion for Preliminary Injunction" filed by Defendant Mark Brnovich, in his official capacity as Attorney General for the State of Arizona ("Attorney General"), the Attorney General argues that he is not a proper defendant in this matter because Plaintiffs have not established "a threat of enforcement." This gets the law exactly backwards. "A plaintiff who mounts a pre-enforcement challenge to a statute that he claims violates his freedom of speech need not show that the authorities have threatened to prosecute him; the threat is latent in the existence of the statute." *California Pro-Life Council, Inc. v. Getman*, 328 F.3d

2

1088, 1095 (9th Cir. 2003). Thus, Plaintiffs need only show that the Attorney General *could* enforce A.R.S. § 13-3732 ("HB2319"), not that he currently plans to do so.

The Arizona Constitution provides that the "powers and duties" of the Attorney General are set by statute. Arizona Const. Art. 5 § 9 (duties of the attorney general "shall be as prescribed by law"). The Attorney General asserts that "Plaintiffs have provided no basis to name him as a defendant." This is false. As the Attorney General himself admits in the same document, Plaintiffs point out that he is the "chief law enforcement officer of the state of Arizona," which he does not dispute. While contending that it is "speculative" whether the Attorney General would in fact do so,[1] he effectively admits that he could "accept a referral of 'criminal wrongdoing'"—in other words, prosecute someone for violating HB2319—"under [A.R.S.] § 21-422(B)(8)."[2] Moreover, under Arizona law the Attorney General may, "[a]t the direction of the governor, or if deemed necessary, assist the county attorney of any county in the discharge of the county attorney's duties." A.R.S. § 41-493(A)(5). Thus, the Attorney General *could* have the authority to prosecute someone for violating HB2319, which is all that is required. *See Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919–20 (9th Cir. 2004) (holding Idaho Attorney General was proper party in constitutional challenge to state

---

[1] Of course, whether a prosecutor will actually pursue charges in a specific case is always a matter of prosecutorial discretion. *E.g., State v. Hankins*, 686 P.2d 740, 744 (Ariz. 1984) (en banc) ("It is clearly within the sound discretion of the prosecutor to determine whether to file charges and which charges to file."). But again, whether the Attorney General, a prosecutor, would pursue a particular case is irrelevant in the context of a facial First Amendment challenge. *Cf. Am. C.L. Union v. The Fla. Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993) ("Under United States Supreme Court precedent, when a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant, even when that party has made no attempt to enforce the rule." (citing *Diamond v. Charles*, 476 U.S. 54, 64, (1986) ("The conflict between state officials empowered to enforce a law and private parties subject to prosecution under that law is a classic 'case' or 'controversy' within the meaning of Art. III.")).

[2] This is the statute that governs the scope and power of state, as opposed to county, grand juries.

criminal statute based on statutory power to "do every act that the county attorney can perform" in assisting a local prosecutor; an officer who can "actually enforce the law" or direct enforcement by others is a proper defendant, even if other officials can enforce the law as well).

## II. The Lack of Opposition by Any Defendant Supports Plaintiffs' Request for a Preliminary Injunction.

While other parties may in the future request to intervene in this litigation, at this time none have done so, and all of the factors for issuing a preliminary injunction strongly support granting Plaintiffs' request, particularly where an injunction will maintain the status quo and avoid chilling protected speech. *Cf. Doe v. Harris*, 772 F.3d 563, 570 (9th Cir. 2014) (noting that the plaintiff has a higher burden where an injunction would change the status quo; this injunction would maintain it). "[I]n the First Amendment context, the moving party bears the initial burden of making a colorable claim that its First Amendment rights have been infringed, or are threatened with infringement, at which point the burden shifts to the government to justify the restriction." *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011). Here, the government is utterly unable to meet that burden, so it has refused to even try to do so. The refusal of both the Attorney General and the Maricopa County Attorneys' Office, by far the largest prosecuting agency in the State,[3] to even attempt to defend the law's constitutionality demonstrate that there is no "compelling state interest"—or any interest at all—for this Court to weigh against Plaintiffs' First Amendment interests.

Moreover, there are numerous examples of federal courts granting motions for preliminary injunctions with no opposition or by agreement of the parties. *See, e.g.*, *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 724 F.3d 377, 397 n.10 (3d Cir. 2013), *rev'd and remanded sub nom. Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014) (citing at least six cases in which the court had

---

[3] *See* Maricopa County Attorneys' Office, About MCAO, at https://www.maricopacountyattorney.org/277/About.

4

granted an unopposed motion for preliminary injunction or granted such motion with the parties' agreement, in a series of cases challenging a provision of the ACA under RFRA); *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 420 F. App'x 97, 99 (2d Cir. 2011) (noting that "the district court [cannot] be faulted for granting an unopposed motion to extend the TRO into a preliminary injunction."); *United States v. Municipality of Penn Hills*, No. 94-3266, 1995 WL 701012, at *1 (3d Cir. May 26, 1995) ("As a result of extensive negotiations between the parties, the district court entered an unopposed preliminary injunction order"). (Exhibit 1) Thus, a preliminary injunction is appropriate here.

Dated this 7th day of September 2022.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA

By: */s/ Jared G. Keenan*
Jared G. Keenan
Benjamin Rundall
K. M. Bell
3707 North 7th Street, Suite 235
Phoenix, AZ 85014

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

By: */s/ Esha Bhandari*
Esha Bhandari
Vera Eidelman
Shreya Tewari
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004

*Attorneys for Plaintiff American Civil Liberties Union of Arizona*

BALLARD SPAHR LLP

By: */s/ Matthew E. Kelley*
David J. Bodney
Matthew E. Kelley
Kennison Lay
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

*Attorneys for Plaintiffs Arizona Broadcasters Association; Arizona Newspapers Association; Fox Television Stations, LLC; Gray Media Group, Inc. d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV Channel 12, a division of Multimedia Holdings Corp.; National Press Photographers Association; Phoenix Newspapers, Inc.; Scripps Media, Inc. d/b/a KGUN-TV and d/b/a KNXV-TV; States Newsroom/Arizona Mirror; and Telemundo of Arizona LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September 2022, copies of the attached Plaintiffs' Reply to Defendants' Statements of Non-Opposition to Motion for Preliminary Injunction were served on Defendants via CM/ECF.

*/s/ Jared G. Keenan*
Jared G. Keenan