**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Broadcasters Association, *et al.*, | No. CV-22-01431-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Mark Brnovich, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Preliminary Injunction (Doc. 24), to which Defendant Mark Brnovich, in his capacity as Attorney General for the State of Arizona, filed a Response in the form of a Notice of Non-Opposition (Doc. 29). Defendants Rachel Mitchell, in her capacity as Maricopa County Attorney, and Paul Penzone, in his capacity as Maricopa County Sherriff, filed a Notice Asserting their Status as Nominal Defendants, taking no position on Plaintiff's Motion. (Doc. 32.) Subsequently, Plaintiffs filed a Reply. (Doc. 37.) On September 9, 2022, the Court held a hearing on Plaintiffs' Motion for Preliminary Injunction. For the reasons set forth below, the Court grants Plaintiffs' Motion for Preliminary Injunction.

**I.    BACKGROUND**

On June 23, 2022, the Arizona Legislature enacted HB2319, codified at A.R.S. § 13-3732. HB2319 makes it "unlawful for a person to knowingly make a video recording of law enforcement activity if the person making the video recording is within eight feet" of the activity and has been directed to stop recording by law enforcement. A.R.S.

§ 13-3732(A). A violation of HB2319 is a class 3 misdemeanor. A.R.S. § 13-3732(D). HB2319 is set to take effect on September 24, 2022.

On August 23, 2022, Plaintiffs brought suit against Defendants under 42 U.S.C. § 1983 alleging that HB2139 infringes on their first amendment rights and violates the fourteenth amendment due process clause. On August 29, 2022, Plaintiffs moved for a Preliminary Injunction, arguing that HB2139 is a content-based restriction on speech that fails under strict scrutiny because it does not serve a compelling state interest, nor is it narrowly tailored to do so. (Doc. 24 at 3.)

## II.     LEGAL STANDARD

To obtain a preliminary injunction, a plaintiff must show that "(1) [it] is likely to succeed on the merits, (2) [it] is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in [its] favor, and (4) an injunction is in the public interest." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The Ninth Circuit Court of Appeals, employing a sliding scale analysis, has also stated that "'serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1078 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 2877 (2014) (quoting *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011)).

## III.    ANALYSIS

### A.     Plaintiffs are Likely to Succeed on the Merits

Under the first *Winter* factor, the moving party must show that it is likely to succeed on the merits. 555 U.S. at 20. Here, Plaintiffs have done so. As Plaintiffs observe in their Motion, the Ninth Circuit has recognized that there is a "clearly established" right to "record law enforcement officers engaged in the exercise of their official duties in public places" under the First Amendment. *Askins v. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018) (citing *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 597 (7th Cir. 2012);

*Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995) (recognizing that an individual videorecording policing of protest was "exercising his First Amendment right to film matters of public interest.")). The United States Supreme Court has also recognized a right to gather news. *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972). Recording video of police officers performing their duties and distributing the video to the public is a news-gathering activity—it serves the Public's First Amendment right to "receive information and ideas." *Richmond Newspapers v. Virginia*, 448 U.S. 555, 576 (1980) (citation omitted); *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 783 (1978) ("the First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw.").

Because there is a clearly delineated right under the First Amendment to record law enforcement activity, Plaintiffs next argue that HB2319 is a content-based restriction and is therefore subject to strict scrutiny. (Doc. 24 at 10.) The Court agrees. HB2319 singles out the activity of video recording law-enforcement activity, and in doing so, it "singles out specific subject matter for differential treatment." *Reed v. Town of Gilbert*, 576 U.S. 155, 166 (2015). Such restrictions are subject to strict scrutiny. *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020) (explaining that "[c]ontent-based laws are subject to strict scrutiny," while "content-neutral laws are subject to a lower level of scrutiny").

For a regulation subject to strict scrutiny to be upheld, it must be "necessary to serve a compelling state interest" and "narrowly drawn to achieve that end. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983). Strict scrutiny is "an exacting test" requiring "some pressing public necessity, some essential value that has to be preserved; and even then the law must restrict as little speech as possible to serve the goal." *Turner Broad. Sys., et al. v. Fed. Commc'n Comm'n, et al.*, 512 U.S. 622, 680 (1994). HB2319 is neither necessary to serve a compelling state interest, nor is it narrowly drawn.

Ostensibly, the aim of HB2319 is to prevent interference with or distractions of law enforcement officers. (Doc. 24 at 13.) However, Arizona already has other laws on its

books to prevent interference with police officers. *See, e.g.*, A.R.S. §§ 13-2402, 13-2404. Thus, HB2319 is not "necessary." Additionally, HB2319 is not narrowly tailored—it is simultaneously over-inclusive and under-inclusive. If the goal of HB2319 is to prevent interference with law enforcement activities, the Court fails to see how the presence of a person recording a video near an officer interferes with the officer's activities. *See Glik v. Cunniffe*, 655 F.3d 78, 84 (1st Cir. 2011) ("peaceful recording of an arrest in a public space that does not interfere with the police officers' performance of their duties is not reasonably subject to limitation"). This reflects HB2319's over-inclusivity. Further, as Plaintiffs note, HB2319 prohibits only "video recording" and does not address audio recordings or photographs taken from the same distance or device, nor does it address persons who may be using their mobile phones for other purposes, such as texting. (Doc. 24 at 15.) As Plaintiffs correctly point out, this makes HB2319 impermissibly under-inclusive, demonstrating that the law's purpose is not to prevent interference with law enforcement, but to prevent recording.

For the reasons above, the Court finds that the first *Winter* factor is satisfied. Because Plaintiffs have shown that HB2319 cannot withstand strict scrutiny, the Court does not consider their arguments that HB2319 fails to withstand scrutiny under a time, place and manner analysis, or that HB2319 is void for vagueness, although Plaintiffs likely prevail on these arguments as well. (Doc. 24 at 16-22.)

**B.     Plaintiffs Will Suffer Irreparable Harm Absent an Injunction**

The second *Winter* factor requires the moving party to show that it likely to suffer irreparable harm in the absence of preliminary relief. 55 U.S. at 20. The Court finds that this factor is met. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury" for purposes of the Court's preliminary injunction analysis. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). As discussed *supra*, HB2319 infringes on a First Amendment right. It follows that Plaintiffs will suffer an irreparable injury if the law takes effect. Thus, the second *Winter* factor militates in favor of injunctive relief.

### C. The Balance of Equities and Public Interest Factors Tip in Plaintiffs' Favor

Plaintiffs address the third and fourth *Winter* factors together in their Motion, so the Court follows suit. The third and fourth *Winter* factors require the moving party to show that the balance of equities tips in its favor, and that injunctive relief is in the public interest. 55 U.S. at 20.

Plaintiffs argue that if HB2319 goes into effect, they will suffer irreparable harm, but if injunctive relief is granted, there is little to no risk of irreparable harm to Defendants' interests, primarily due to the fact that law enforcement officers already have many tools at their disposal to prevent interference with their activities. (Doc. 24 at 23.) Additionally, Plaintiffs point out that video recordings of police activities allow the public access to information concerning law enforcement activities, and, according to the Ninth Circuit, "public access plays a significant positive role in the functioning of our democracy." *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 830-31 (9th Cir. 2020). The Third Circuit has noted that videos of police interactions with the public have "contributed greatly to our national discussion of proper policing." *Fields v. City of Philadelphia*, 862 F.3d 353, 357-58 (3d Cir. 2017). Further, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (internal quotation marks omitted). The Court agrees with Plaintiffs, and finds that the balance of equities and the public interest tip strongly in favor of enjoining HB2319. Because all of the *Winter* factors are met, injunctive relief is proper here.

### IV.  SURETY BOND

Federal Rule of Civil Procedure 65(c) permits a court to enter preliminary injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully restrained." A court may only "dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining [its] conduct." *Jorgensen v. Cassidy*,

1  320 F.3d 906, 919 (9th Cir. 2003). The court must make a finding as to the surety bond
2  amount it considers proper. *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).
3  Here, the Court finds that no bond is necessary.

**IT IS THEREFORE ORDERED** granting Plaintiffs' Motion for Preliminary Injunction (Doc. 24.) The Court enjoins the enforcement of A.R.S. § 13-3732 pending further order.

Dated this 9th day of September, 2022.

Honorable John J. Tuchi
United States District Judge