**MARK BRNOVICH**
**ATTORNEY GENERAL**
Robert J. Makar (No. 33579)
*Assistant Attorney General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Robert.Makar@azag.gov

*Attorneys for Mark Brnovich,*
*Arizona Attorney General*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| *Arizona Broadcasters Association, et al.*, <br> Plaintiff, <br> v. <br> *Mark Brnovich, et al.*, <br> Defendants. | Case No: CV-22-01431-PHX-JJT <br><br> **ATTORNEY GENERAL'S ANSWER TO COMPLAINT (Doc. 1)** |

Defendant Mark Brnovich, in his official capacity as Attorney General for the State of Arizona (the "Attorney General"), hereby answers the Complaint (Doc. 1) as follows. The Attorney General, consistent with his position throughout this case, does not take a position on the substantive constitutional merits of Plaintiffs' claims, and seeks nominal defendant status in this matter as to the merits. The Attorney General only asserts that he is not a proper defendant in this suit and that Plaintiffs' Complaint does not state a viable claim as to him specifically.

1. The Attorney General Admits that the Complaint challenges Arizona House Bill 2319 ("HB2319"). Paragraph 1 contains allegations asserting legal conclusions, to which no response is required.

**JURISDICTION AND VENUE**

2. The Attorney General admits the nature of Plaintiffs' claims. Paragraph 2 contains allegations asserting legal conclusions, to which no response is required.

3. The Attorney General admits this Court has jurisdiction over federal question claims under Article III, § 2 of the United States Constitution and 28 U.S.C. §§ 1331 and 1343.

4. The Attorney General admits this Court has jurisdiction over claims for declaratory relief under 28 U.S.C. §§ 2201 and 2202.

5. The Attorney General admits that venue is proper in this district.

**PARTIES**

6. Paragraph 6 contains allegations about the organization, activities, and membership of Plaintiff Arizona Broadcasters Association ("ABA"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff ABA and so denies them.

7. Paragraph 7 contains allegations about the organization, activities, and membership of Plaintiff American Civil Liberties Union of Arizona Foundation ("ACLU of Arizona"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff ACLU of Arizona and so denies them.

8. Paragraph 8 contains allegations about the organization, activities, and membership of Plaintiff Arizona Newspapers Association ("ANA"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff ANA and so denies them.

9. Paragraph 9 contains allegations about the organization, activities, and membership of Plaintiff Fox Television Stations, LLC ("KSAZ"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff KSAZ and so denies them.

10. Paragraph 10 contains allegations about the organization, activities, and membership of Plaintiff Gray Media Group, Inc. ("KPHO"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff KPHO and so denies them.

11. Paragraph 11 contains allegations about the organization and activities of

Plaintiff KPNX-TV ("KPNX"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff KPNX and so denies them.

12. Paragraph 12 contains allegations about the organization, activities, and membership of Plaintiff American Civil Liberties Union of Arizona Foundation ("ACLU of Arizona"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff ACLU of Arizona and so denies them.

13. Paragraph 13 contains allegations about the organization, activities, and membership of Plaintiff National Press Photographers Association ("NPPA"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff NPPA and so denies them.

14. Paragraph 14 contains allegations about the organization and activities of Plaintiff Phoenix Newspapers, Inc. ("PNI"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff PNI and so denies them.

15. Paragraph 15 contains allegations about the organization and activities of Plaintiff Scripps Media, Inc. ("KNXV"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff KNXV and so denies them.

16. Paragraph 16 contains allegations about the organization and activities of Plaintiff States Newsroom/Arizona Mirror ("Arizona Mirror"). The Attorney General lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff Arizona Mirror and so denies them.

17. All Plaintiffs other than ACLU of Arizona are referred to herein as the "News Organization Plaintiffs."

18. Defendants admit the office of Defendant Mark Brnovich as Attorney General of the State of Arizona. Paragraph 18 contains allegations asserting legal conclusions, to which no response is required.

19. Defendants admit the office of Defendant Rachel Mitchell as Maricopa County Attorney. Paragraph 19 contains allegations asserting legal conclusions, to which no response is required.

20. Defendants admit the office of Defendant Paul Penzone as Maricopa County Sheriff. Paragraph 20 contains allegations asserting legal conclusions, to which no response is required.

## STATEMENT OF FACTS

21. Admit.

22. Admit.

23. The Attorney General is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Representative Kavanagh's statements and suggestions and so denies them.

24. The Attorney General is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the March 15, 2022 letter and so denies them.

25. The Attorney General admits the Arizona Senate Rules Committee voted to advance HB2319 on March 21, 2022. The Attorney General is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Representative Kavanagh's statements and suggestions and so denies them.

26. The Attorney General is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' activities and so denies them.

27. Admit.

28. Admit.

## HB2319

29. Paragraph 29 contains allegations asserting legal conclusions, to which no response is required.

30. Paragraph 30 contains allegations asserting legal conclusions, to which no response is required.

31.     The Attorney General is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' activities and so denies them. Paragraph 31 contains allegations asserting legal conclusions, to which no response is required.

32.     Paragraph 32 contains allegations asserting legal conclusions, to which no response is required.

33.     The Attorney General is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' activities and so denies them.

34.     The Attorney General is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' activities and so denies them. Paragraph 34 contains allegations asserting legal conclusions, to which no response is required.

35.     The Attorney General is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' activities and so denies them. Paragraph 35 contains allegations asserting legal conclusions, to which no response is required.

36.     Paragraph 36 contains allegations asserting legal conclusions, to which no response is required.

37.     Paragraph 37 contains allegations asserting legal conclusions, to which no response is required.

38.     Paragraph 38 contains allegations asserting legal conclusions, to which no response is required.

39.     Paragraph 39 contains allegations asserting legal conclusions, to which no response is required.

40.     Paragraph 40 contains allegations asserting legal conclusions, to which no response is required.

41.     Paragraph 41 contains allegations asserting legal conclusions, to which no response is required.

42. Paragraph 42 contains allegations asserting legal conclusions, to which no response is required.

43. Paragraph 43 contains allegations asserting legal conclusions, to which no response is required.

44. Paragraph 44 contains allegations asserting legal conclusions, to which no response is required.

45. Paragraph 45 contains allegations asserting legal conclusions, to which no response is required.

46. Paragraph 46 contains allegations asserting legal conclusions, to which no response is required.

47. Paragraph 47 contains allegations asserting legal conclusions, to which no response is required.

48. Paragraph 48 contains allegations asserting legal conclusions, to which no response is required.

49. Paragraph 49 contains allegations asserting legal conclusions, to which no response is required.

50. Paragraph 50 contains allegations asserting legal conclusions, to which no response is required.

51. The Attorney General is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs' activities and so denies them.

**COUNT 1**

52. The Attorney General incorporates paragraphs 1-52 of this answer by reference as if fully set forth herein.

53. In the following paragraphs, references to the First Amendment include the First Amendment as applied to the states through the Fourteenth Amendment.

54. Paragraph 54 contains allegations asserting legal conclusions, to which no response is required.

55. Paragraph 55 contains allegations asserting legal conclusions, to which no

1  response is required.

2      56.    Paragraph 56 contains allegations asserting legal conclusions, to which no response is required.

57.    Paragraph 57 contains allegations asserting legal conclusions, to which no response is required.

## COUNT 2

58.    The Attorney General incorporates paragraphs 1-57 of this answer by reference as if fully set forth herein.

59.    In the following paragraphs, references to the First Amendment include the First Amendment as applied to the states through the Fourteenth Amendment.

60.    Paragraph 60 contains allegations asserting legal conclusions, to which no response is required.

61.    Paragraph 61 contains allegations asserting legal conclusions, to which no response is required.

62.    Paragraph 62 contains allegations asserting legal conclusions, to which no response is required.

63.    Paragraph 63 contains allegations asserting legal conclusions, to which no response is required.

## AFFIRMATIVE DEFENSES

64.    Defendant Attorney General is not properly named as a Defendant in this matter. The Complaint contains only the most bare-bones allegations against the Attorney General, and no non-speculative allegations of a threat of his enforcement of HB2319. Defendant Brnovich further denies the Complaint states a claim upon which relief can be granted, as pertains to him.

## RESPONSE TO REQUEST FOR RELIEF

The Request for Relief in the Complaint is a request for legal relief and does not contain any factual averments to which a response is required.

RESPECTFULLY SUBMITTED this 24th day of October, 2022.

MARK BRNOVICH
ATTORNEY GENERAL

By: s/ Robert J. Makar
Robert J. Makar (No. 33579)
*Assistant Attorney General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Robert.Makar@azag.gov

*Attorneys for Mark Brnovich, Arizona Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

<u>s/ Robert J. Makar</u>
Robert J. Makar
*Counsel for Mark Brnovich, Arizona Attorney General*