| | |
|---|---|
| David J. Bodney (006065)<br>bodneyd@ballardspahr.com<br>Matthew E. Kelley (037353)<br>kelleym@ballardspahr.com<br>Kennison Lay (037098)<br>layk@ballardspahr.com<br>BALLARD SPAHR LLP<br>1 East Washington Street, Suite 2300<br>Phoenix, AZ 85004-2555<br>Telephone:  602.798.5400<br>Facsimile:   602.798.5595 | Jared G. Keenan (027068)<br>Benjamin Rundall (031661)<br>K. M. Bell (037611)<br>America Civil Liberties Union Foundation of Arizona<br>3707 North 7th Street, Suite 235<br>Phoenix, AZ 85014<br>Telephone: (602) 650-1854<br>jkeenan@acluaz.org<br>brundall@acluaz.org<br>kmbell@acluaz.org |
| *Attorneys for Plaintiffs Arizona Broadcasters Association; Arizona Newspapers Association; Fox Television Stations, LLC; Gray Media Group, Inc. d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV Channel 12, a division of Multimedia Holdings Corp.; National Press Photographers Association; Phoenix Newspapers, Inc.; Scripps Media, Inc. d/b/a KGUN-TV and d/b/a KNXV-TV; and State Newsroom/Arizona Mirror; and Telemundo of Arizona LLC* | Esha Bhandari<br>Vera Eidelman<br>Shreya Tewari<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Telephone: (212) 549-2500<br>veidelman@aclu.org<br>ebhandari@aclu.org<br>stewari@aclu.org<br><br>*Attorneys for Plaintiff ACLU of Arizona* |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Broadcasters Association, an Arizona nonprofit corporation; American Civil Liberties Union of Arizona, an Arizona nonprofit corporation; Arizona Newspapers Association, an Arizona nonprofit corporation; Fox Television Stations, LLC; Gray Media Group, Inc., d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV Channel 12, a division of Multimedia Holdings Corp.; National Press Photographers Association; Phoenix Newspapers, Inc., an Arizona Corporation; Scripps Media, Inc., an Ohio Corporation, d/b/a KGUN-TV and d/b/a KNXV-TV; States Newsroom/Arizona Mirror; and Telemundo of Arizona LLC;<br><br>        Plaintiffs,<br><br>v.<br><br>Mark Brnovich, in his official capacity as Attorney General for the State of Arizona; Rachel Mitchell, in her official capacity as Maricopa County Attorney; and Paul Penzone, in his official capacity as Maricopa County Sheriff;<br><br>        Defendants. | CV-22-1431-PHX-JJT<br><br>**PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

1    Pursuant to Federal Rule of Civil Procedure 12(c) and this Court's November 22, 2022, Order, Plaintiffs move for Judgment on the Pleadings against Defendant Mark Brnovich, in his official capacity as Attorney General for the State of Arizona.

For all of the reasons stated in Plaintiffs' Complaint and Plaintiffs' Motion for Preliminary Injunction and Memorandum of Points and Authorities in Support, as well as this Court's September 9, 2022 Order granting Plaintiffs' request for a Preliminary Injunction in this matter, all of which are incorporated herein by reference, House Bill 2319, codified at A.R.S. § 13-3732 ("HB2319") violates the First Amendment of the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

The only defense raised by the Attorney General is that he is "not a proper Defendant" because the "threat of his enforcement" is "speculative."[1]  This is incorrect. As explained in Plaintiffs' Reply to Defendants' Statements of Non-Opposition to Motion for Preliminary Injunction, also incorporated herein by reference, "[a] plaintiff who mounts a pre-enforcement challenge to a statute that he claims violates his freedom of speech need not show that the authorities have threatened to prosecute him; the threat is latent in the existence of the statute." *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1095 (9th Cir. 2003).  Thus, all Plaintiffs need to show is that the Attorney General *could* enforce HB2319, which the Attorney General himself conceded in his Notice of Non-Opposition to Plaintiffs' Motion for Preliminary Injunction. In that Notice, the Attorney General admits that he could "accept a referral of 'criminal wrongdoing'"—in other words, prosecute someone for violating HB2319—"under [A.R.S.] § 21-422(B)(8)."[2]

---

[1] It is not clear whether the Attorney General is attempting to raise a jurisdictional issue or a substantive argument on the merits; it appears to be the latter as it is described as a claim that "Plaintiffs' Complaint fails to state a claim upon which relief can be granted, as it pertains to him"; in other words, a defense under Rule 12(b)(6).

[2] The Attorney General's Answer does not deny that "Mr. Brnovich has the authority to enforce all of the laws of the State of Arizona, including HB2319," instead asserting that this is a "legal conclusion[]." Answer at ¶ 18.

The Attorney General has also repeatedly asserted that he is a "nominal defendant" and his Answer states that he "seeks nominal defendant status," although the significance of that is not explained, and such status is irrelevant in this matter. The Attorney General's status as a nominal defendant would be relevant if Plaintiffs sought monetary damages. *See Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 566 (9th Cir. 2001) ("In determining whether an entity is an arm of the state we inquire whether "'the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants.'"). However, this lawsuit seeks only prospective equitable relief from a federal constitutional violation, meaning the Attorney General in his official capacity is a proper defendant for Eleventh Amendment purposes. *See In re Ellett*, 254 F.3d 1135, 1138 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (Aug. 27, 2001) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). In this case, Plaintiffs are seeking only a declaratory judgment and permanent injunction, which are equitable forms of relief.[3] Therefore, whether the state is the real party in interest and the Attorney General a nominal defendant is irrelevant.[4]

---

[3] Once judgement is entered Plaintiffs intend to seek an award of their attorneys' fees, for which state sovereign immunity has been abrogated by Congress. *Quern v. Jordan*, 440 U.S. 332, 344, 99 S. Ct. 1139, 1147, 59 L. Ed. 2d 358 (1979) ("in enacting the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, Congress intended to override the Eleventh Amendment immunity of the States and authorize fee awards payable by the States when their officials are sued in their official capacities," under 42 U.S.C. § 1983).

[4] In a similar case, *Harris v. Arizona Indep. Redistricting Comm'n*, 993 F. Supp. 2d 1042 (D. Ariz. 2014), *aff'd*, 578 U.S. 253, 136 S. Ct. 1301, 194 L. Ed. 2d 497 (2016), the maps drawn by Arizona's independent Redistricting Commission were subject to legal challenge. The parties did not dispute that the Secretary of State, who had nothing to do with drawing the maps but had to enforce them, was a proper defendant in the case (the commissioners were dismissed due to legislative immunity). In a footnote, the court referred to the Secretary Jf State as a "nominal defendant." Similarly, in this case the Attorney General is a defendant in his official capacity because he has the ability to enforce the law.

2

Plaintiffs therefore respectfully request that this Court:

1) Enter a permanent injunction, enjoining all Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, from taking any action to enforce HB2319; and

2) Issue a declaratory judgment that HB2319 on its face violates the First Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment.

Dated this 28th day of November, 2022.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA

By: */s/ K.M. Bell*
    Jared G. Keenan
    Benjamin Rundall
    K. M. Bell

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

By: */s/ Esha Bhandari*
    Esha Bhandari
    Vera Eidelman

*Attorneys for Plaintiff American Civil Liberties Union of Arizona*

BALLARD SPAHR LLP

By: */s/ Matthew E. Kelley*
    David J. Bodney
    Matthew E. Kelley
    Kennison Lay

*Attorneys for Plaintiffs Arizona Broadcasters Association; Arizona Newspapers Association; Fox Television Stations, LLC; Gray Media Group, Inc. d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV Channel 12, a division of Multimedia Holdings Corp.; National Press Photographers Association; Phoenix Newspapers, Inc.; Scripps Media, Inc. d/b/a KGUN-TV and d/b/a KNXV-TV; States Newsroom/Arizona Mirror; and Telemundo of Arizona LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.

*/s/ K.M. Bell*
K. M. Bell