David J. Bodney (006065)
bodneyd@ballardspahr.com
Matthew E. Kelley (037353)
kelleym@ballardspahr.com
Kennison Lay (037098)
layk@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:   602.798.5400
Facsimile:   602.798.5595

*Attorneys for Plaintiffs Arizona Broadcasters Association; Arizona Newspapers Association; Fox Television Stations, LLC; Gray Media Group, Inc. d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV Channel 12, a division of Multimedia Holdings Corp.; National Press Photographers Association; Phoenix Newspapers, Inc.; Scripps Media, Inc. d/b/a KGUN-TV and d/b/a KNXV-TV; States Newsroom/Arizona Mirror; and Telemundo of Arizona LLC*

Jared G. Keenan (027068)
Benjamin Rundall (031661)
K. M. Bell (037611)
America Civil Liberties Union Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
jkeenan@acluaz.org
brundall@acluaz.org
kmbell@acluaz.org

Esha Bhandari
Vera Eidelman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
veidelman@aclu.org
ebhandari@aclu.org

*Attorneys for Plaintiff ACLU of Arizona*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |
|---|---|
| Arizona Broadcasters Association, an Arizona nonprofit corporation; American Civil Liberties Union of Arizona, an Arizona nonprofit corporation; Arizona Newspapers Association, an Arizona nonprofit corporation; Fox Television Stations, LLC; Gray Media Group, Inc., d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV Channel 12, a division of Multimedia Holdings Corp.; National Press Photographers Association; Phoenix Newspapers, Inc., an Arizona Corporation; Scripps Media, Inc., an Ohio Corporation, d/b/a KGUN-TV and d/b/a KNXV-TV; States Newsroom/Arizona Mirror, a District of Columbia nonprofit corporation; and Telemundo of Arizona LLC, a Delaware limited liability company;<br><br>                Plaintiffs<br><br>Mark Brnovich, in his official capacity as Attorney General for the State of Arizona; Rachel Mitchell, in her official capacity as Maricopa County Attorney; and Paul Penzone, in his official capacity as Maricopa County Sheriff;<br><br>                Defendants. | **CV-22-1431-PHX-JJT**<br><br>**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM IN SUPPORT** |

Pursuant to Federal Rule of Civil Procedure 55(b)(2) and this Court's November 22, 2022, Order, Plaintiffs move for Default Judgment against Defendants Rachel Mitchell, in her official capacity as Maricopa County Attorney; and Paul Penzone, in his official capacity as Maricopa County Sheriff (collectively, the "County Defendants").

The County Defendants have failed to file an answer or other responsive pleading by the deadline set by this Court, and the Clerk has entered default against them. *See* Dkt. 55.[1] As a result, Plaintiffs are entitled to judgment against

---

[1] As the Court knows, the County Defendants' default was not due to any lack of diligence on the part of the County Defendants or their counsel, but rather is the result of the County Defendants declining to oppose the relief requested by Plaintiffs.

1  the County Defendants, and request that this Court enter judgment permanently
2  enjoining them from enforcing House Bill 2319, codified at A.R.S. § 13-3732
3  ("HB2319") and declaring that HB2319 is unconstitutional.

4        Plaintiffs are entitled to judgment as a matter of law because HB2319
5  violates the First Amendment of the U.S. Constitution, as applied to the states
6  through the Fourteenth Amendment, for all of the reasons stated in Plaintiffs'
7  Complaint, Motion for Preliminary Injunction and Memorandum of Points and
8  Authorities in Support, as well as this Court's September 9, 2022, Order granting
9  Plaintiffs' request for a Preliminary Injunction in this matter, all of which are
10 incorporated herein by reference.

11       The Ninth Circuit has set forth the following factors for a court to consider
12 when deciding a motion for default judgment: (1) the merits of the plaintiff's
13 substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at
14 stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility
15 of a dispute concerning material facts; (6) whether the default was due to excusable
16 neglect; and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782
17 F.2d 1470 (9th Cir.1986).  These factors support an entry of default judgment
18 against the County Defendants in this case.

19       First, as this Court already has ruled, the Plaintiff's case has merit.  The
20 County Defendants declined to defend HB2319, and this Court granted Plaintiffs'
21 request for a preliminary injunction enjoining all Defendants from enforcing the
22 statute.

23       Second, the Complaint in this matter is sufficient, again as shown by this
24 Court's ruling granting the preliminary injunction.

25       Third, there is no sum of money at stake in this action (other than a potential
26 award of attorneys' fees subsequent to judgment being entered).

27
28

Fourth, Plaintiffs would be severely prejudiced if default judgment were not entered against the County Defendants. If a government actor could forestall a permanent injunction and declaratory judgment against enforcing an unconstitutional statute merely by declining to oppose a lawsuit challenging that statute, the Constitution's guarantees of liberty would be hollow gestures.

Fifth, there is no dispute of material facts because the County Defendants have affirmatively chosen not to oppose Plaintiff's pleadings.

Sixth, the default was not due to excusable neglect but was due to an affirmative decision by the County Defendants not to defend a facially unconstitutional statute.

Seventh, the County Defendants had an opportunity to argue the merits at the preliminary injunction stage but chose not to do so.

In sum, all of the *Eitel* factors support an entry of default judgment in this matter against the County Defendants.

For all of the foregoing reasons, Plaintiffs therefore respectfully request that this Court:

1) Enter a permanent injunction, enjoining the County Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, from taking any action to enforce HB2319; and

2) Issue a declaratory judgment that HB2319 on its face violates the First Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment.

A proposed form of judgment is attached.

4

Dated this 1st day of December 2022.

        AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA

        By: */s/ Jared G. Keenan*
            Jared G. Keenan
            Benjamin Rundall
            K. M. Bell
            3707 North 7th Street, Suite 235
            Phoenix, AZ 85014

        AMERICAN CIVIL LIBERTIES UNION FOUNDATION

        By: */s/ Esha Bhandari*
            Esha Bhandari
            Vera Eidelman
            American Civil Liberties Union Foundation
            125 Broad Street, 18th Floor
            New York, NY 10004

        *Attorneys for Plaintiff American Civil Liberties Union of Arizona*

        BALLARD SPAHR LLP

        By: */s/ Matthew E. Kelley*
            David J. Bodney
            Matthew E. Kelley
            Kennison Lay
            1 East Washington Street, Suite 2300
            Phoenix, AZ 85004-2555

        *Attorneys for Plaintiffs Arizona Broadcasters Association; Arizona Newspapers Association; Fox Television Stations, LLC; Gray Media Group, Inc. d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV Channel 12, a division of Multimedia Holdings Corp.; National Press Photographers Association; Phoenix Newspapers, Inc.; Scripps Media, Inc. d/b/a KGUN-TV and d/b/a KNXV-TV; States Newsroom/Arizona Mirror; and Telemundo of Arizona LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2022, copies of the attached Plaintiffs' Motion for Default Judgment were served on Defendants via CM/ECF.

*/s/ Matthew E. Kelley*