| | |
|---|---|
| 1 | **KRIS MAYES** |
| 2 | **ATTORNEY GENERAL** |
|   | (Firm State Bar No. 14000) |
| 3 | |
| 4 | Hayleigh S. Crawford (No. 32326) |
|   | Office of the Arizona Attorney General |
| 5 | 2005 N. Central Avenue |
|   | Phoenix, AZ 85004-1592 |
| 6 | Phone: (602) 542-3333 |
|   | Hayleigh.Crawford@azag.gov |
| 7 | ACL@azag.gov |
| 8 | |
|   | *Attorneys for Defendant* |
| 9 | *Arizona Attorney General Kris Mayes* |

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Broadcasters Association, et al.,<br><br>Plaintiff,<br><br>v.<br><br>Kris Mayes, in her official capacity as Attorney General for the State of Arizona, et al.,<br><br>Defendants. | Case No: CV-22-01431-PHX-JJT<br><br>**STIPULATION REGARDING ENTRY OF PERMANENT INJUNCTION AND DECLARATORY JUDGMENT**<br><br>(Assigned to the Hon. J. John Tuchi) |

Plaintiffs filed their Complaint against Defendants seeking a declaratory judgment that A.R.S. § 13-3732 is unconstitutional under the First and Fourteenth Amendments of the United States Constitution and permanently enjoining any enforcement of the statute.

Some Defendants have defaulted; the remaining Defendant and Plaintiffs agree to this Stipulation regarding entry of a Permanent Injunction and Declaratory Judgment to resolve all non-attorney fees matters in dispute in this action.

Specifically, for the reasons set forth on the record at the hearing on Plaintiffs' request for a Preliminary Injunction, which this Court will treat as a trial on the merits under Rule 65(a)(2), and in Plaintiffs' Complaint and Motion for Preliminary Injunction, which Defendants did not challenge on the merits, Plaintiffs Arizona Broadcasters Association; Arizona Newspapers Association; Fox Television Stations, LLC; Gray Media Group, Inc. d/b/a KTVK-KPHO and d/b/a KOLD; KPNX-TV Channel 12, a division of Multimedia Holdings Corp.; National Press Photographers Association; Phoenix Newspapers, Inc.; Scripps Media, Inc. d/b/a KGUN-TV and d/b/a KNXV-TV; States Newsroom/Arizona Mirror; Telemundo of Arizona LLC; and American Civil Liberties Union of Arizona and Defendant Kris Mayes, in her capacity as the Attorney General of Arizona, hereby stipulate as follows:

1. A.R.S. § 13-3732 is unconstitutional as a violation of the First Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, because:
    a. there is a clearly established right to record law enforcement officers engaged in the exercise of their official duties, *see, e.g.*, *Askins v. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018);
    b. the statute imposes a content-based restriction that is subject to strict scrutiny as it "singles out specific subject matter"—recordings of law enforcement activities—"for differential treatment," *Reed v. Town of Gilbert*, 576 U.S. 155, 169 (2015); and

      c. the statute does not survive strict scrutiny because it is not narrowly tailored or necessary to prevent interference with police officers given other Arizona laws in effect.

2. A.R.S. § 13-3732 is unconstitutional as a violation of the First Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, because:

      a. the statute is not a reasonable "time place and manner" restriction, *see Hill v. Colorado*, 530 U.S. 703, 713 (2000); and

      b. the statute cannot withstand intermediate scrutiny because the law prohibits or chills a substantial amount of First Amendment protected activity and is unnecessary to prevent interference with police officers given other Arizona laws in effect.

3. Defendants, and any others acting in concert or participation with them who receive actual notice of this injunction, are permanently enjoined from enforcing A.R.S. § 13-3732 against any person or entity, or using an alleged violation of A.R.S. § 13-3732 as an excuse, justification, or reason to punish or otherwise take or fail to take any action adverse to the interests of any person or entity.

A proposed form of Order accompanies this stipulation. The parties further stipulate and agree that this Court should retain jurisdiction over this action for the purposes of construction, modification, and enforcement of the proposed Order.

      RESPECTFULLY SUBMITTED this 12th day of July, 2023.

**KRIS MAYES**
**ATTORNEY GENERAL**

By: */s/* Hayleigh S. Crawford

      Hayleigh S. Crawford
      Office of the Arizona Attorney General
      2005 N. Central Ave.
      Phoenix, Arizona 85004

|   |   |
|---|---|
| 1 | *Attorneys for Defendant* |
| 2 | *Arizona Attorney General Kris Mayes* |

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA**

By: */s/* K.M. Bell (with permission)

    K. M. Bell
    Jared G. Keenan
    3707 North 7th Street, Suite 235
    Phoenix, AZ 85014

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

    Esha Bhandari
    Vera Eidelman
    American Civil Liberties Union Foundation
    125 Broad Street, 18th Floor
    New York, NY 10004

*Attorneys for Plaintiff American Civil Liberties*
*Union of Arizona*

**BALLARD SPAHR LLP**

By: */s/* Matthew E. Kelley (with permission)

    David J. Bodney
    Matthew E. Kelley
    Kennison Lay
    1 East Washington Street, Suite 2300
    Phoenix, AZ 85004-2555

*Attorneys for Plaintiffs Arizona Broadcasters*
*Association; Arizona Newspapers*
*Association; Fox Television Stations, LLC;*
*Gray Media Group, Inc. d/b/a KTVK-KPHO*
*and d/b/a KOLD; KPNX-TV Channel 12, a*
*division of Multimedia Holdings Corp.;*
*National Press Photographers Association;*
*Phoenix Newspapers, Inc.; Scripps Media,*
*Inc. d/b/a KGUN-TV and d/b/a KNXV-TV;*
*States Newsroom/Arizona Mirror; and*
*Telemundo of Arizona LLC*